# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-0294V
UNPUBLISHED

| | |
|---|---|
| CANDACE REYNOLDS,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 6, 2022<br><br>Special Processing Unit (SPU);<br>Entitlement to Compensation; Table<br>Injury; Decision Awarding Damages;<br>Pain and Suffering; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*David John Carney, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.*

*Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On March 16, 2020, Candace Reynolds filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a left shoulder injury which required surgery after receiving the influenza ("flu") vaccine on November 8, 2018. Petition at 1, ¶¶ 2, 4-5. After Petitioner's current counsel was substituted as attorney of record (ECF No. 13), Petitioner amended her claim to allege that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Amended Petition at 1, ¶ 32, ECF No. 16. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, because it contains a reasoned explanation for my determination. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons described below, and after holding a brief hearing on entitlement and damages in this matter, I find that Petitioner is entitled compensation, and I award damages in the amount **$150,000.00**, **representing actual pain and suffering.**

## I.     Relevant Procedural History

Almost thirteen months after the case was assigned to SPU – on June 21, 2022 - Respondent filed a status report indicating he was willing to engage in settlement discussions. ECF No. 31.  However, the next day Petitioner filed a motion for a ruling on the record, asserting that she had meet all requirements for a Table SIRVA and requesting compensation in the amount of $175,000.00. Petitioner's Motion for Ruling on Record and Brief in Support of Damages ("Motion"), filed June 22, 2022, ECF No. 34. Respondent responded to Petitioner's demand within 30 days and filed a response to her motion thereafter. Status Report, filed July 22, 2022, ECF No. 36; Respondent's Rule 4(c) Report and Response to Petitioner's Motion ("Response"), filed Aug. 22, 2022, ECF No. 38. On September 6, 2022, Petitioner filed her reply. Petitioner's Reply Brief in Support of Petitioner's Motion ("Reply"), ECF No. 41.

In late August 2022, I proposed this case for an expedited hearing on September 30, 2022, at which time I would decide the disputed issues based on all evidence filed to date and any oral argument from counsel. ECF No. 39. The parties agreed, and the "Motions Day" hearing took place as scheduled. ECF No. 40; Minute Entry dated Sept. 30, 2022.[3] During the hearing, I orally ruled on Petitioner's entitlement to compensation, and then made an oral damages determination. This Decision memorializes those findings and determinations.

## II.     Factual Findings and Ruling on Entitlement

### A.  Legal Standards

Before compensation can be awarded under the Vaccine Act, a petitioner must demonstrate, by a preponderance of evidence, all matters required under Section 11(c)(1), including the factual circumstances surrounding his claim. Section 13(a)(1)(A). In making this determination, the special master or court should consider the record as a whole. Section 13(a)(1). Petitioner's allegations must be supported by medical records or by medical opinion. *Id.*

---

[3] David Carney appeared on behalf of Petitioner, and Tyler King appeared on behalf of Respondent. As of the date of this Decision, the transcript of the September 30, 2022 Motions Day hearing has not been filed, but my oral ruling is incorporated by reference herein.

To resolve factual issues, the special master must weigh the evidence presented, which may include contemporaneous medical records and testimony. *See Burns v. Sec'y of Health & Hum. Servs.,* 3 F.3d 415, 417 (Fed. Cir. 1993) (explaining that a special master must decide what weight to give evidence including oral testimony and contemporaneous medical records). Contemporaneous medical records are presumed to be accurate. *See Cucuras v. Sec'y of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993). To overcome the presumptive accuracy of medical records testimony, a petitioner may present testimony which is "consistent, clear, cogent, and compelling." *Sanchez v. Sec'y of Health & Hum. Servs.,* No. 11–685V, 2013 WL 1880825, at *3 (Fed. Cl. Spec. Mstr. Apr. 10, 2013) (citing *Blutstein v. Sec'y of Health & Hum. Servs.,* No. 90–2808V, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998)).

In addition to requirements concerning the vaccination received, the duration and severity of petitioner's injury, and the lack of other award or settlement,[4] a petitioner must establish that she suffered an injury meeting the Table criteria, in which case causation is presumed, or an injury shown to be caused-in-fact by the vaccination she received. Section 11(c)(1)(C).

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48 hours of the administration of a flu vaccine. 42 C.F. R. § 100.3(a)(XIV)(B). The criteria establishing a SIRVA under the accompanying QAI are as follows:

> Shoulder injury related to vaccine administration (SIRVA). SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc.). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support

[4] In summary, a petitioner must establish that he received a vaccine covered by the Program, administered either in the United States and its territories or in another geographical area but qualifying for a limited exception; suffered the residual effects of his injury for more than six months, died from his injury, or underwent a surgical intervention during an inpatient hospitalization; and has not filed a civil suit or collected an award or settlement for her injury. *See* Section 11(c)(1)(A)(B)(D)(E).

SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10) (2017).

## B.  Factual Finding Regarding QAI Criteria for Table SIRVA

The only Table requirement for SIRVA that Respondent contests is the second criterion - whether the onset of Petitioner's pain occurred within 48 hours of vaccination. Response at 9; *see* 42 C.F.R. § 100.3(c)(10)(ii); *see also* 42 C.F.R. § 100.3(a)(XIV)(B) (requiring the first symptom or manifestation of onset within 48 hours of vaccination for a SIRVA injury following receipt of a flu vaccine). He emphasizes that Petitioner, a nurse who worked at the hospital where she received the vaccine alleged as causal, did not report her shoulder injury or seek treatment until eighteen days post-vaccination, and continued to work during this time. Response at 9.

Thus, Respondent questions whether the delay in seeking treatment is reasonable. I find otherwise. The delay in question is not facially unreasonable, especially in comparison to what has characterized the course of seeking treatment for many other successful claims. In addition, it is frequently observed that claimants expect the post-vaccination pain to be transient or not serious enough to merit evaluation by a medical professional. The fact that this Petitioner is herself a medical professional does not alter this oft-observed aspect of "human nature" when it comes to realizing that post-vaccination pain is in fact serious.

Otherwise, the record contains sufficient evidence showing Petitioner has satisfied the other QAI criteria. *See* 42 C.F.R. § 100.3(c)(10)(i) & (iii)-(iv). A thorough review of the record in this case does not reveal either a prior or current condition, pain and limited range of motion ("ROM") other than in Petitioner's injured left shoulder, and no other condition or abnormality which would explain Petitioner's symptoms. Thus, and as I stated during the expedited hearing, all elements of a Table SIRVA claim have been preponderantly established.

### C.  Other Requirements for Entitlement

Because Petitioner has satisfied the requirements of a Table SIRVA, she need not prove causation. Section 11(c)(1)(C). However, she must satisfy the other requirements of Section 11(c) regarding the vaccination received, the duration and severity of her injury, and the lack of other award or settlement. Section 11(c)(A), (B), and (D). Respondent does not dispute that Petitioner has satisfied these requirements in this case, and the overall record contains preponderant evidence which fulfills these additional requirements.

### III.   Compensation to be Awarded

### A.  Parties Arguments

Petitioner seeks only compensation for her pain and suffering. Maintaining that she continued to suffer shoulder pain more than two years post-vaccination and describing her pain as severe, Petitioner seeks $175,000.00. Motion at 1, 33-34. She favorably compares the facts and circumstances in her case to those experienced by the petitioners in *Schoonover, Hooper*, and *Reed,* who received $200,000.00, $185,000.00, and $160,000.00, respectively for their past pain and suffering.[5] Motion at 23-25. Additionally, the petitioners in *Schoonover* and *Reed* received an award for future pain and suffering. *Schoonover*, 2020 WL 5351341, at *1, 5-6; *Hooper*, 2019 WL 1561519, at *1, 9-10. Petitioner also cites three cases which he characterizes "as a floor for pain and suffering damages in most SIRVA surgery cases" (*id.* at 26) - *Wilt, Dobbins,* and *Collado.*[6]

---

[5] *Schoonover v. Sec'y of Health & Hum. Servs.,* No. 16-1324V, 2020 WL 5351341 (Fed. Cl. Spec. Mstr. Aug. 5, 2020); *Hooper v. Sec'y of Health & Hum. Servs.,* No. 17-12V, 2019 WL 1561519 (Fed. Cl. Spec. Mstr. Mar. 20, 2019); *Reed v. Sec'y of Health & Hum. Servs.,* No. 16-1670V, 2019 WL 1222925 (Fed. Cl. Spec. Mstr. Feb. 1, 2019).

[6] *Wilt v. Sec'y of Health & Hum. Servs.,* No. 18-0446V, 2020 WL 1490757 (Fed. Cl. Spec. Mstr. Feb. 24, 2020); *Dobbins v. Sec'y of Health & Hum. Servs.,* No. 16-0854V, 2018 WL 4611267 (Fed. Cl. Spec. Mstr. Aug. 15, 2018); *Collado v. Sec'y of Health & Hum. Servs.,* No. 17-0225V, 2018 WL 3433352 (Fed. Cl. Spec. Mstr. June 6, 2018, 2018).

In contrast, Respondent asserts that Petitioner should receive the lesser amount of $110,000.00. Response at 11, 15. Emphasizing Petitioner's 18-day delay in seeking treatment and mildness of her limited ROM prior to surgery (*id.* at 11-12), Respondent argues that the facts and circumstance more closely resemble, but are less severe, than the circumstances of the petitioner in *Wilson* who received $130,000.00.[7] Response at 12-13. He also maintains that Petitioner's case is distinguishable from the cases Petitioner cites, because of the injury's more mild nature. *Id.* at 13-14.

In her reply, Petitioner similarly argues that the case cited by Respondent is not appropriate comparable cases. Reply at 5-7. She also cites additional cases which she maintains are similar – *S.C.* and *Stromer,* in which petitioners were awarded $160,000.00 and $145,00.00 for their past pain and suffering, respectively.[8] Reply at 9-10.

## A.  Legal Standards for Pain and Suffering Awards

In another recent decision, I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections II and III of *Friberg v. Sec'y of Health & Hum. Servs.*, No. 19-1727V, 2022 WL 3152827 (Fed. Cl. Spec. Mstr. July 6, 2022).

In sum, compensation awarded pursuant to the Vaccine Act shall include "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." Section 15(a)(4). The petitioner bears the burden of proof with respect to each element of compensation requested. *Brewer v. Sec'y of Health & Hum. Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996). Factors to be considered when determining an award for pain and suffering include: 1) awareness of the injury; 2) severity of the injury; and 3) duration of the suffering.[9]

---

[7] *Wilson v. Sec'y of Health & Hum. Servs.,* No. 19-0035V, 2021 WL 1530731 (Fed. Cl. Spec. Mstr. Mar. 18, 2021).

[8] *S.C. v. Sec'y of Health & Hum. Servs.,* No. 19-0341V, 2021 WL 2949763 (Fed. Cl. Spec. Mstr. June 14, 2021); *Stromer v. Sec'y of Health & Hum. Servs.,* No. 19-1969V, 2022 WL 1562110 (Fed. Cl. Spec. Mstr. Apr. 8, 2022).

[9] *I.D. v. Sec'y of Health & Hum. Servs.*, No. 04-1593V, 2013 WL 2448125, at *9 (Fed. Cl. Spec. Mstr. May 14, 2013) (quoting *McAllister v. Sec'y of Health & Hum. Servs.,* No 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), *vacated and remanded on other grounds*, 70 F.3d 1240 (Fed. Cir. 1995)).

## B.  Appropriate Compensation for Pain and Suffering

In this case, awareness of the injury is not disputed. The record reflects that at all times Petitioner was a competent adult with no impairments that would impact her awareness of her injury. Therefore, I analyze principally the severity and duration of Petitioner's injury. In determining appropriate compensation for pain and suffering, I have carefully reviewed and taken into account the complete record in this case, including, but not limited to: Petitioner's medical records, signed declarations,[10] filings, and all assertions made by the parties in written documents and at the expedited hearing held on September 30, 2022. I have also considered prior awards for pain and suffering in both SPU and non-SPU SIRVA cases, and relied upon my experience adjudicating these cases. However, my determination is ultimately based upon the specific circumstances of this case.

Pursuant to my oral ruling on September 30, 2022 (which is fully adopted herein), **I find that $150,000.00 represents a fair and appropriate amount of compensation for Petitioner's pain and suffering.**

When making this determination, I have considered relevant facts such as the mildness of Petitioner's left shoulder pain and limited ROM – especially prior to surgery, the longer duration of her overall injury, and the difficulties she experienced during her post-surgical recovery. The medical records contain numerous entries showing Petitioner reported no pain at rest and maximum levels which ranged from three to six and only slightly limited or full ROM. *E.g.,* Exhibit 10 at 16, 481, 574. However, Petitioner consistently reported symptoms and sought treatment during the three years post-vaccination. Her treatment involved two cortisone injections and 24 physical therapy ("PT") sessions prior to surgery and two cortisone injections and 25 PT sessions post-surgery. Exhibit 3, 17 (orthopedic records); Exhibit 10 (PT records).

And the symptoms Petitioner experienced after her surgery, arthroscopic synovectomy, glenohumeral joint debridement, biceps tenodesis, and subacromial decompression performed in late August 2019 – approximately nine months post-vaccination - were more severe than those she experienced before surgery. *E.g.,* Exhibit 3 at 6 (describing worsening pain on March 12, 2020, seven months post-surgery). On several instances Petitioner reported feeling a popping sensation (*id.* at 14; Exhibit 10 at 59), and at least one treating physician thought Petitioner may have "pulled her biceps from her tenodesis site" (Exhibit 3 at 14). More than six months post-surgery, treating physicians were seeking new treatment options to combat Petitioner's continued left

---

[10] Rather than affidavits, the statements provided by Petitioner are declarations signed under penalty of perjury as required pursuant to 28 U.S.C.A. § 1746.

shoulder pain and prescribing Gabapentin. *E.g., id.* at 6-8 (visits on February 13 and March 12, 2020). Ten months post-surgery and almost two years post-vaccination, she was assessed as having a five percent disability. *Id.* at 3 (June 19, 2020 visit).

Although the comparable case cited by Respondent involved similar pain levels and overall duration, the *Wilson* petitioner required less treatment than Petitioner. *Wilson,* 2021 WL 1530731, at *3 n.6 (indicating the *Wilson* petitioner underwent five PT sessions prior to surgery and thirteen PT sessions after surgery). As I stated during the Motions Day hearing, I also see similarities between the facts and circumstances in this case and the *S.C.* and *Stromer* cases proposed by Petitioner. *S.C.,* 2021 WL 2949763, at *4-5; *Stromer,* 2022 WL 1562110, at *9-10. Therefore, I find an appropriate award for Petitioner's past pain and suffering should fall between the *Wilson* and *S.C.* awards, and should be slightly more than the amount awarded in *Stromer* - $150,000.00.

IV.     **Conclusion**

For all the reasons discussed above and based on consideration of the entire record, **I find that Petitioner's left shoulder injury meets the definition for a Table SIRVA. Thus, causation is presumed, and Petitioner is entitled to compensation in this case. Furthermore, I find that $150,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.[11]**

Based on the record as a whole and arguments of the parties, **I award Petitioner a lump sum payment of $150,000.00, representing compensation for her actual pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a) of the Vaccine Act. *Id.*

This amount represents compensation for all damages that would be available under Section 15(a). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[12]

---

[11] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required.  *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master