# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0294V
(not to be published)

| | |
|---|---|
| CANDACE REYNOLDS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: **January 18, 2023**<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Hourly Rate for Paralegal Work; Non-Compensable Billing |

*David John Carney*, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 16, 2020, Candace Reynolds filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a left shoulder injury which required surgery after receiving the influenza vaccine on November 8, 2018. Petition at 1, ¶¶ 2, 4-5. On October 6, 2022, a decision was issued awarding compensation to Petitioner in the amount of $150,000.00. ECF No. 42.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 27, 2022 (ECF No. 48), requesting an award of $59,177.26 (representing $57,552.50 in fees and $1,624.76 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 48. Additionally, Petitioner requests $3,400.00 in attorney's fees and costs incurred by prior counsel, Lawrence Hakim. *Id.* at 4. Respondent reacted to the motion on October 27, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 49. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests the following rates for attorney David Carney: $430 per hour for time billed in 2020; $375 per hour for 2021 and $440 per hour for time billed in 2022. ECF No. 48 at 2. Petitioner also requests the rate of $400 per hour for time billed in 2020 by prior counsel Lawrence Hakim. *Id.* at 60. Mr. Carney has previously been awarded these rates and I will therefore adopt them herein as well.

Regarding Mr. Hakim's rate, Petitioner indicates only that Larry Hakim is a Mississippi attorney who is admitted to practice in multiple federal courts and has been a licensed attorney since 1992 - giving him 28 years of experience during his time billed in this case. *Id.* at 3. Petitioner has not provided any information or documentation regarding Mr. Hakim's usual hourly rate, or the hourly rates paid to attorneys in Batesville, Mississippi where his firm is located.

The rate requested for the work performed by Mr. Hakim is at the lower end of the range for forum rates for attorneys with 20 to 30 years of experience: $394 to $467. And Batesville, Mississippi is approximately one hour outside of Memphis, Tennessee – a geographical area where attorneys have been awarded forum rates for their work. *See, Henry v. Sec'y of Health & Hum. Servs.* No. 15-0545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). Thus, I find the requested rate reasonable and award it herein. However, given Mr. Hakim's hourly rate of $400, I would expect him to work efficiently and not expend numerous hours on any specific task.

### B. Paralegal Rates

Additionally, Mr. Hakim billed, at his attorney hourly rate of $400, two hours spent on October 13, 2020, preparing and filing Petitioner's medical records and statement of completion – work usually performed by a paralegal. ECF No. 48 at 60 (attachment D). Additionally, the medical records filed by Mr. Hakim were not properly labeled and had to be re-filed. *Compare* Exhibits A-C, filed Oct. 13, 2020, at ECF Nos. 8-10 *with* Exhibits P1-P8, filed Feb. 23, 2021, ECF No. 17.

"Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Thus, I will award attorney's fees for this work based upon the paralegal hourly rate applicable to this case - $145. **I am therefore reducing the amount to be awarded for attorney's fees for Mr. Hakim by $510.00**.[3]

### C. Non-Compensable Billing

"[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Mr. Hakim billed four hours for time spent on March 4, 2020, designated for "Research, drafting & filing petition," and 0.50 hours for time spent on July 29, 2020, designated for "Drafting & filing Req. for Admission to Court." ECF No. 48 at 60. Because the Program does not pay fees associated with the Court's bar admission process, I will deny reimbursement for the .5 hours allocated to that task. Additionally, I will deduct one hour for any research performed by Mr. Hakim. The Petition filed in this case was approximately one page in length and contained only cursory information and citations – without page number, to the accompanying medical records – filed together as Exhibit 1. An experienced attorney easily could have drafted and filed such a petition within the remaining three hours.

**Thus, I am further reducing the amount to be awarded for attorney's fees for Mr. Hakim by $600.00**.[4]

---

[3] 2.0 hours x $400 - $145) = $510.00.

[4] 1.5 hours x $400 = $600.00.

4

## ATTORNEY COSTS

Petitioner requests $1,624.76 in costs incurred by Mr. Carney and $400.00 in costs incurred by Mr. Hakim in overall costs. ECF No. 48 at 2, 6. These amounts are comprised of obtaining medical records, shipping fees and the Court's filing fee. I have reviewed all requested costs and find them to be reasonable. I award the full amount of all costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $61,367.26[5] as follows:**

- **A lump sum of $59,177.26, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, David J. Carney, Green & Schafle, LLC; and**

- **A lump sum of $2,290.00, representing reimbursement for attorney's fees and costs, in the form of a check payable to Lawrence J. Hakim and the firm of Michael Darby & Associates.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.